IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR,<br><br>      Plaintiff,<br><br>      v.<br><br>JON P. KUBLER, an individual,<br>KUBLER FINANCIAL INC., and the<br>KUBLER FINANCIAL INC. SIMPLE IRA<br>PLAN,<br><br>      Defendants. | CIVIL ACTION<br><br>Case No. 8:21-cv-127 |

## **COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

INTRODUCTION

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA Section 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the United States District Court for the District of Nebraska because the SIMPLE IRA Plan was administered in Omaha, Nebraska, within this district. Additionally, the fiduciary breaches at issue took place within this district.

## DEFENDANTS

4. Defendant Kubler Financial, Inc. is a Nebraska Corporation based in Omaha, Nebraska and was incorporated on February 19, 2002.

5. Kubler Financial, Inc. performs estate planning, and risk protection through insurance and fixed income products.

6. Kubler Financial, Inc. does not have a board of directors.

7. Defendant Jon P. Kubler, was the President, owner and only officer of Kubler Financial, Inc. from at least February 19, 2002 to present.

8. The Kubler Financial Inc. SIMPLE IRA Plan ("SIMPLE IRA Plan" or "Plan") is named as a defendant herein pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

## THE SIMPLE IRA PLAN

9. The SIMPLE IRA Plan is an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA, pursuant to ERISA Section 4(a), 29 U.S.C. § 1003(a).

10. The Plan is as a defined contribution plan that allows employees to make voluntary salary deferral contributions through payroll withholdings.

11. Kubler Financial Inc. established the SIMPLE IRA Plan on January 1, 2005 for the benefit of its employees.

12. From at least January 1, 2005 through at least December 15, 2018, employees of Kubler Financial, Inc. were participants in the SIMPLE IRA Plan.

13. From at least January 1, 2005 through at least December 15, 2018, Kubler Financial, Inc. was the SIMPLE IRA Plan Sponsor and a plan administrator within the meaning of ERISA Sections 3(16)(A) and (B), 29 U.S.C. §1002(16)(A) and (B); was a fiduciary of the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA Section 3(14)(A), (C) and (G), 29 U.S.C. § 1002(14)(A), (C) and (G).

14. From at least January 1, 2005 through at least December 15, 2018, Defendant Jon P. Kubler was a fiduciary of the SIMPLE IRA Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the SIMPLE IRA Plan within the meaning of ERISA Section 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

15. At all times relevant herein, Defendant Kubler was President and sole owner of Kubler Financial Inc. Defendant Kubler managed the day-to-day operations and had sole check writing authority over the Company's accounts. Defendant Kubler signed checks that transmitted employee contributions to the individual SIMPLE IRA Plan accounts and made the decisions as to whether or not payroll withholding contributions would be forwarded. At all relevant times, Defendant Kubler was a *de facto* fiduciary to the SIMPLE IRA Plan in that he exercised control respecting the management or disposition of the SIMPLE IRA Plan's assets, and he had discretionary authority or discretionary responsibility in the administration of the SIMPLE IRA Plan pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Therefore,

Defendant Kubler, at all times relevant herein, has been a fiduciary with respect to the SIMPLE Plan pursuant to ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

## ERISA VIOLATIONS

16. At varying times from February 16, 2017 through December 15, 2018, Defendants Kubler Financial, Inc. and Jon P. Kubler failed to remit employee contributions to the SIMPLE IRA Plan.

17. Defendants withheld at least $20,380.35 from their employees' pay as salary deferral contributions intended for the SIMPLE IRA Plan.

18. The withheld amounts are assets of the SIMPLE IRA Plan pursuant to 29 C.F.R. § 2510.3-102.

19. Upon information and belief, Defendant Kubler Financial, Inc. retained the withheld employee salary deferral contribution in its general operating account, never remitted them to the SIMPLE IRA Plan, and used the monies to pay Kubler Financial, Inc. expenses.

20. From at least February 16, 2017 through December 15, 2018, the Defendant Jon P. Kubler exercised authority and control over whether and when Kubler Financial, Inc. remitted withheld employee salary deferral contributions to the SIMPLE IRA Plan.

21. As fiduciaries to the SIMPLE IRA Plan, Defendants Kubler Financial, Inc. and Jon P. Kubler failed to ensure that the employees' salary deferral contributions to the SIMPLE IRA Plan were remitted to the SIMPLE IRA Plan.

22. Moreover, since at least February 16, 2017, Defendants Kubler Financial, Inc. and Jon P. Kubler, as fiduciaries to the SIMPLE IRA Plan, failed to ensure the salary deferral contributions were timely remitted to the Plan.

23. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the SIMPLE IRA Plan on the earliest date on which such contributions could reasonably be segregated from Kubler Financial, Inc.'s general assets.

24. Upon information and belief, Kubler Financial, Inc.'s payroll processes and remittance history were such that the participant contributions could reasonably be segregated and forwarded to the SIMPLE IRA Plan within at least seven (7) business days of each pay date.

25. The failure to remit contributions to the SIMPLE IRA Plan in a timely manner caused Plan participants to lose potential earnings on those contributions. Defendants have failed to restore the lost earnings to the Plan.

26. Based on the facts described within this Count, the Defendants Kubler Financial, Inc. and Jon P. Kubler:

    a. permitted the SIMPLE IRA Plan's assets to inure to the benefit of the Kubler Financial, Inc. and failed to hold them for the exclusive purpose of providing benefits to SIMPLE IRA Plan participants and their beneficiaries and defraying reasonable expenses of SIMPLE IRA Plan administration, in violation of ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1);

    b. failed to discharge their duties with respect to the SIMPLE IRA Plan solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to SIMPLE IRA Plan participants and their beneficiaries and defraying reasonable expenses of SIMPLE IRA Plan administration, in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    c. failed to discharge their duties with respect to the SIMPLE IRA Plan solely in the interest of the Plan participants and their beneficiaries and with the requisite

degree of care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      d.    caused the SIMPLE IRA Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the SIMPLE IRA Plan, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      e.    dealt with assets of the SIMPLE IRA Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

      f.    acted on behalf of a party whose interests are adverse to the interests of the SIMPLE IRA Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

27.    As a direct and proximate result of the fiduciary breaches of the Defendants, the SIMPLE IRA Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**PRAYER FOR RELIEF**

Wherefore, the Secretary prays for judgment:

A.    permanently enjoining Defendants Kubler Financial, Inc. and Jon P. Kubler from violating the provisions of Title I of ERISA;

B.    permanently enjoining Defendants Kubler Financial, Inc. and Jon P. Kubler from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan and removing them from any position they now hold as a fiduciary to the SIMPLE IRA Plan;

      C.      ordering Defendants Kubler Financial, Inc. and Jon P. Kubler to make good to the SIMPLE IRA Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

      D.      ordering Defendants Kubler Financial, Inc. and Jon P. Kubler to correct the prohibited transactions in which they engaged and disgorge all ill-gotten gains resulting from their violations of Title I of ERISA;

      E.      awarding the Secretary the costs of this action; and

      F.      ordering such other just and proper relief.

<u>REQUEST FOR PLACE OF TRIAL</u>

Pursuant to Local Rule 40.1, Plaintiff hereby requests that trial in this matter be set in Omaha, Nebraska.

Elena S. Goldstein
Deputy Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

/s/Jessica-Marie Hutchison
Jessica-Marie Hutchison
Trial Attorney
Bar No. 69456 (MO)
(816) 285-7278
hutchison.jessica.m@dol.gov

/s/Megan J. McGinnis
Megan J. McGinnis
Trial Attorney
Bar No. 24618 (KS)
(816) 285-7276
mcginnis.megan.j@dol.gov

Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, MO 64108
Telephone: (816) 285-7260 (main)
Fax: (816) 285-7287

*Attorneys for Plaintiff, U.S. Secretary of Labor*